Lawrence Spasojevich (LS 0945)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YUE YU,

                                                                                                    CASE NO.  1:22-cv-4724

                                  Plaintiff,            **COMPLAINT**

 -against-

EASYRENT CORPORATION,
EASYRENT SOLUTIONS LLC, EASYRENT REALTY LLC,
YI SONG, and HUIJIE LYU,

                                                                                                     ECF Case,

                                  Defendants.

---

      Plaintiff, YUE YU, by and through the undersigned attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against EASYRENT CORPORATION, EASYRENT SOLUTIONS LLC, and EASYRENT REALTY LLC (hereinafter, jointly "The Corporations" or "EASYRENT") as well as YI SONG and HUIJIE LYU (hereinafter together "Individual Defendants") (hereinafter all together "Defendants") and state as follows:

### INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendants: (1) unpaid wages at the overtime wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff alleges that, pursuant to the New York Labor Law (hereinafter "NYLL"), she is entitled to recover from the Defendants: (1) unpaid commissions; (2) statutory penalties; (3)

Pg. 1

liquidated damages; (4) liquidated damages for late payment of commissions; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs or, in the alternative;

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Queens County, New York.

6. Upon information and belief, Defendants, EASYRENT CORPORATION, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 405 Lexington Ave Suite 839, New York, New York, United States, 10174.

7. Upon information and belief, Defendants, EASYRENT REALTY LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 405 Lexington Ave Suite 839, New York, New York, United States, 10174.

8. Upon information and belief, Defendants, EASYRENT SOLUTIONS LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 405 Lexington Ave Suite 839, New York, New York, United States, 10174.

9. The Corporations were joint employers of Plaintiff in that the Corporations shared commonality in hiring, firing, discipline, pay, insurance, records, and supervision.

10. Upon information and belief, Defendant, YI SONG, is an owner, officer, director and/or managing agent of EASYRENT, who maintains a business address of at 405 Lexington Ave Suite 839, New York, New York, United States, 10174, and who participated in the day-to-day operations of EASYRENT, and acted intentionally and maliciously and is an "employer" pursuant to the NYLL§ 2 and the Regulations thereunder and is jointly and severally liable with EASYRENT.

11. Defendant, YI SONG, was an employer within the definition of NYLL § 190 during the entire period at issue in this complaint.

12. Upon information and belief, Defendant, HUIJIE LYU, is an owner, officer, director and/or managing agent of EASYRENT, who maintains a business address of at 405 Lexington Ave Suite 839, New York, New York, United States, 10174, and who participated in the day-to-day operations of EASYRENT, and acted intentionally and maliciously and is an "employer" pursuant to the NYLL§ 2 and the Regulations thereunder and is jointly and severally liable with EASYRENT.

13. Defendant, HUIJIE LYU, was an employer within the definition of NYLL § 190 during the entire period at issue in this complaint.

14. At all relevant times, Corporate Defendants were and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that their gross revenue for each alleged year was over $500,000.00 and they engaged in interstate commerce, primarily renting apartments to individuals from the People's Republic of China as well as acting as the listing agent for apartments in New Jersey.

15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

16. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

17. At all relevant times, Defendants(s) knowingly and willfully failed to timely pay Plaintiff her earned commissions within the time frames as mandated by the New York Labor Law.

## STATEMENT OF FACTS

18. In or about 2019, Individual Defendants formed EASYRENT and hired Plaintiff as a real estate salesperson.

19. There does not exist a written agreement between the Plaintiff and Defendants outlining all the terms and conditions of Plaintiff's employment by Defendants.

20. In or about August 2019, Plaintiff's pay structure was changed to be paid only in commissions; plaintiff did not receive an hourly wage or regular weekly salary.

21. In March 2020, the COVID-19 Pandemic began, which resulted in numerous restrictions on individual, in-person contact being mandated.

22. As a result of the restrictions in-place in response to the COVID-19 pandemic, Plaintiff's ability to show apartments to potential customers for the purpose of renting was almost completely curtailed; it was no longer customary for Plaintiff to show apartments, nor did Plaintiff regularly show apartments to potential customers.

23. In order to meet the new demands placed on her position, Plaintiff continued to work from a fixed site serving as her headquarters.

24. Plaintiff's daily tasks and duties from the onset of COVID until June 2020 included communicating with building management and clients located in China in order to facilitate a successful rental, coordinating rental applications, or building upon marketing efforts.

25. Furthermore, in lieu of in-person showings at the prospective apartment to be rented with the prospective renters, Plaintiff instead performed virtual showings from her headquarters or sending pre-recorded videos to prospective renters.

26. From July 2020 until the cessation of employment in March 2022, Plaintiff continued to do virtual showings but would now sometimes go in person to buildings with open apartments to take videos of a virtual tour.

27. During the course of her employment and upon Plaintiff's recall and recollection, from March 2020 until March 2022, Plaintiff frequently worked on average thirteen (13) hours a day, six (6) days a week for a total of seventy-eight (78) hours per week.

28. By way of example and upon her recall and recollection, for the week of July 5, 2020, Plaintiff worked fourteen (14) hours per day for a total of ninety-eight (98) hours.

29. Until the cessation of Plaintiff's employment in March 2022, Individual Defendants, as a policy and practice, frequently failed to pay Plaintiff her earned commission within thirty (30) days.

30. At the time of filing this action and upon information and belief, Defendants have not tendered all outstanding commission payments to Plaintiff.

31. By way of example, Plaintiff is owed $2,400.00 in commission for job SKY #19L; Defendants have failed to pay Plaintiff this commission at the time of filing of this complaint.

32. Defendants did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

33. Defendant, YI SONG, is an individual who, upon information and belief, owns the stock of EASYRENT, owns EASYRENT, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

34. Defendant, YI SONG, exercised control over the terms and conditions of Plaintiff's employment, including the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

35. Defendant, HUIJIE LYU, is an individual who, upon information and belief, owns the stock of EASYRENT, owns EASYRENT, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

36. Defendant, HUIJIE LYU, exercised control over the terms and conditions of Plaintiff's employment, including the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

37. Plaintiff was not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

38. Defendants knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

39. Defendants knowingly and willfully operated its businesses with a policy of not paying Plaintiff her earned compensation within five (5) days of termination in violation of the NYLL and the supporting New York State Department of Labor Regulations.

40. Defendants knowingly and willfully operated its businesses with a policy of not paying Plaintiff her earned compensation within thirty (30) days of the earned date in violation of the NYLL and the supporting New York State Department of Labor Regulations.

41. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

42. Defendants did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

43. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a workweek.

44. Upon information and belief, this was done to disguise the commissions owed to Plaintiff and when such commissions were earned.

45. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

46. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

**COUNT 1**
**[Violation of the Fair Labor Standards Act]**

47.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "46" of this Complaint as if fully set forth herein.

48.     At all relevant times, upon information and belief, Defendants was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

50.     Upon information and belief, at all relevant times, Defendants has/have had gross revenues in excess of $500,000.

51.     Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

52.     Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

53.     At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

54.     Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendants knew or should have known such was due that non-payment of a overtime rate would financially injure Plaintiff.

55.     Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

56. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

57. Defendants failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

58. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

59. Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiff suffered damages in and entitled to an award of an amount not presently ascertainable of unpaid wages at the overtime wage rate and an equal amount as liquidated damages, and prejudgment interest thereon.

60. Plaintiff is entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

61. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "60" of this Complaint as if fully set forth herein.

62. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff.

63. Defendants, pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in week.

64. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendants violated Plaintiff's statutory rights under the NYLL.

65. Defendant(s), pursuant to its policies and practices, refused and failed to pay Plaintiff her lawfully earned commissions within five (5) days of her termination.

66. By failing to compensate Plaintiff her lawfully earned commissions within five (5) days of her termination, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

67. Defendant(s), pursuant to its policies and practices, refused and failed to pay Plaintiff her lawfully earned commissions within thirty (30) days of the earned date.

68. By failing to compensate Plaintiff her lawfully earned commissions within thirty (30) days of the earned date, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

69. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

70. Therefore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

71. Furthermore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff her lawfully earned commissions within five (5) days of her termination.

72. Furthermore, Defendants knowingly and willfully violated Plaintiff's rights by failing to Plaintiff her lawfully earned commissions within thirty (30) days of the earned date.

73. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

74. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

75. Furthermore, due to the Defendant(s)' NYLL violations, Plaintiff is entitled to recover from Defendant(s), unpaid commissions, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

76. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1) and § 198 for both non-payment and late-payment of Plaintiff's lawfully earned commissions.

## COUNT 3
### [Failure to provide a Wage Notice]

77. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "76" of this Complaint as if fully set forth herein.

78. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

79. Defendants has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

80. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

81. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff

with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

82. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "81" of this Complaint as if fully set forth herein.

83. Defendants has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

84. Through knowingly or intentionally failing to provide the Plaintiff with an accurate wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

85. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a)     An award of unpaid wages at the overtime wage rate due under the FLSA;

(b)     An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c)     An award of unpaid wages at the overtime wage rate and earned commissions under the NYLL;

(d)     An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, failure to timely pay Plaintiff her earned commissions, and failure to provide accurate wage statements pursuant to the NYLL;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       August 10, 2022

                                        Respectfully submitted

                                    By: _*Lawrence Spasojevich*_
                                        Lawrence Spasojevich (LS 0945)